# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LAZARO HELIBERTO GALINDO,**
**D.O.C. # M18101,**

    **Plaintiff,**

VS.	                                                   Case No. 4:19cv376-WS/CAS

**CAPTAIN HAYWOOD, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on August 12, 2019, by submitting a civil rights complaint, ECF No. 1, a motion for the appointment of counsel, ECF No. 2, and a motion requesting leave to proceed in forma pauperis, ECF No. 3. Plaintiff's in forma pauperis motion has been reviewed, and it is properly supported by a prisoner consent form and financial certificate and account statement. ECF No. 3 at 3-7. That documentation reveals that Plaintiff had an account balance of $476.13 at the time of case initiation. *Id.* at 4, 7. It further appears that Plaintiff

regularly receives funds in his account such that he has sufficient funds to pay the filing fee for this case.

The first page of the prisoner consent form contains this notice to prisoner plaintiffs:

> If I submit a civil rights complaint or other civil action, the filing fee is $350.00. If my current account balance is more than $400.00, I will not qualify for in forma pauperis status. I must pay the full $350.00 filing fee plus a $50.00 administrative fee before the Court will consider the merits of my complaint.

Pursuant to federal in forma pauperis statute, a federal court may authorize the commencement of a civil lawsuit without prepayment of fees by a person who submits an affidavit showing "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Because Plaintiff has adequate funds with which to pay the filing fee for this case, the in forma pauperis motion, ECF No. 3, should be denied. Plaintiff should be provided 30 days in which to pay the $400.00 filing fee if he desires to proceed with this case. Alternatively, Plaintiff may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a) should he no longer desire to continue this litigation or he may file a motion for reconsideration of this Report and Recommendation providing information on his *current* account balance.

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) Plaintiff's in forma pauperis motion, ECF No. 3, be **DENIED** because Plaintiff's affidavit and account statement reveal he has sufficient funds to pay the filing fee for this case; (2) Plaintiff be provided 30 days in which to pay the $400.00 filing fee; and (3) this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 10, 2019.

 s/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**