## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**LAZARO HELIBERTO GALINDO,**
**D.O.C. # M18101,**

      **Plaintiff,**

**VS.**                                              **Case No. 4:19cv376-WS/CAS**

**CAPTAIN HAYWOOD, et al.,**

      **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on August 12, 2019, by submitting a civil rights complaint, ECF No. 1, a motion for the appointment of counsel, ECF No. 2, and a motion requesting leave to proceed in forma pauperis, ECF No. 3.  Plaintiff's in forma pauperis motion was reviewed and revealed that Plaintiff had an account balance of $476.13 at the time of case initiation.  *Id.* at 4, 7.  Moreover, it appeared that Plaintiff regularly received funds into his account such that he could pay the filing fee for this case.  Thus, a Report and Recommendation was entered recommending that Plaintiff's in forma pauperis motion, ECF No. 3, be denied and Plaintiff

given 30 days in which to pay the filing fee.  ECF No. 5.  That recommendation was adopted without objection.  ECF No. 6.  Plaintiff was ordered to pay the filing fee for this case by November 18, 2019.  ECF No. 6.  As of this date, Plaintiff has not complied with that Order.  It  appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case and pay the filing fee as required, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order and all other

pending motions be denied.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2019.


S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case No. 4:19cv376-WS/CAS